

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2005

# Virgili v. Allegheny

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Virgili v. Allegheny" (2005). *2005 Decisions.* Paper 1120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3873

ROBERT VIRGILI, JR.,
                                        Appellant
                        v.

ALLEGHENY COUNTY; GARY DALEY, individually and
officially; THOMAS LEIGHT, individually and officially; WILLIAM EMERICK,
individually and officially;  CALVIN LIGHTFOOT, individually and officially
and KENNETH FULTON, individually and officially
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 03-CV-01827 )
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2005
Before:  McKEE, VAN ANTWERPEN and WEIS, Circuit Judges.

Filed  May 27, 2005
_____

OPINION
_____

WEIS, Circuit Judge.

        After being accused of providing marijuana to an inmate, Plaintiff, a

correctional officer at the Allegheny County Jail, was suspended without pay and

1

formally arrested a few days later. Following his attorney's advice, he did not appear at a disciplinary hearing scheduled for August 26, 2003, about seven weeks after the incident at the jail. Virgili's union representative was present at the hearing and took an appeal from the adverse ruling. Virgili attended a hearing on October 16, 2003 when the warden announced that the district attorney had dropped the criminal charges and that Virgili would be reinstated with full back pay.

Virgili filed suit in the District Court alleging (1) that his suspension was a denial of his Due Process rights; (2) that there was no probable cause for his arrest; and (3) that the county was guilty of negligent supervision and training. The District Court entered summary judgment for the defendants, including the investigating officers, county jail officials and the county itself.

The facts are well known to the parties and need not be repeated in detail here. Instead, we will briefly summarize the salient information.

Acting on a tip that a correctional officer would deliver drugs to an inmate during a session at the jail library, defendants, internal security officer Leight and county detective Daley, arranged for a search of the inmates leaving the library. Inmate Glover was found in possession of packs of marijuana. Under questioning by Daley and Leight, Glover implicated another inmate and Virgili. Both inmates were arrested that evening based on an affidavits of probable cause; the affidavits described Virgili's involvement.

On that same evening, after receiving his *Miranda* rights, Virgili denied

complicity and was sent home. On the following morning, defendant Leight told Virgili that he was suspended without pay. A few days later, an arrest warrant for Virgili was issued and he reported to a district justice for arraignment.

Virgili alleges that the ensuing publicity damaged his reputation and resulted in a freezing of his security clearance as a member of the Pennsylvania National Guard.

Our review of a District Court's decision to grant summary judgment is de novo. Blair v. Scott Speciality Gases, 283 F.3d 595, 602-03 (3d Cir. 2002).

The District Court correctly concluded that probable cause existed for Virgili's arrest. The tip given in advance, the recovery of narcotics and the assertions of inmate Glover collectively constituted grounds for believing that a crime had been committed, despite Virgili's denials. See, e.g., Orsatti v. New Jersey State Police, 71 F.3d 480 (3d Cir. 1995); Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997).

Like his probable cause argument, Virgili's argument about lack of due process in his suspension must fail. Virgili had a constitutionally recognized property interest in tenure in his position that is protected by notice and hearing requirements. The notice and hearing requirements do not always require *pre*termination procedures. In some situations, a hearing may take place after termination. See Gilbert v. Homar, 520 U.S. 924 (1997); McDaniels v. Flick, 59 F.3d 446 (3d Cir. 1995).

In this case, Virgili was given an opportunity to state his case to Leight and

Daley before he was terminated and he offered to take a lie detector test. On the following morning, however, he reversed that decision. He was scheduled for a full hearing six weeks later, but did not take that opportunity.

It is understandable that, given the pendency of criminal proceedings, he did not wish to testify at that time. Nevertheless, an opportunity for a prompt hearing was provided and due process requirements made available. There is no indication that a hearing scheduled for one or two days after the incident would likely have proceeded in view of the pending criminal matters.

We note that full back pay was awarded and that Virgili's status in the Pennsylvania National Guard was reinstated. In the circumstances here, Virgili is not entitled to a "name clearing hearing." See Graham v. City of Philadelphia, 402 F.3d 139 (3d Cir. 2005).

The plaintiff's charges of inadequate training and supervision must also fail because there is no evidence of a constitutional violation caused by such factors. The due process measures required by the county rules and practices were carried out.

Finally, we conclude that the District Court acted properly in declining to adjudicate the state law claims. When a district court dismisses on the merits the federal claims that initially provided jurisdiction, the proper resolution of pendent state claims is to relinquish them to the state courts. In Pennsylvania, a state statute specifically provides for such transfer.